FILED
JAMES BONINI
CLERK

05 AUG 16 AM 10: 49

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTONIO HODGE,
    Plaintiff

vs

HART REALTY, INC., et al.,
    Defendants

Case No. 1:05CV540

**ORDER**
(Watson, J.)

Hodge v. Hart Realty, Inc. et al     Doc. 4

    Plaintiff, a resident of Cincinnati, Ohio, brings this civil rights action under 42 U.S.C. § 1983. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

    In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An

action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii). A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff, who is proceeding pro se, brings this action against Hart Realty, Inc., the City of Cincinnati Police Department District #1, the Hamilton County, Ohio Sheriff's Office, his mother Geraldine Jackson, and Magistrate Richard A. Bernat of the Hamilton County, Ohio Court of Common Pleas. Plaintiff seeks several million dollars in damages. With the exception of several attachments to the complaint, plaintiff's complaint appears to be an exact photocopy of a complaint in *Hodge v. Hart Realty, Inc.*, Case No. 1:01-cv-363 (S.D. Ohio) and *Hodge v. Hart Realty, Inc.*, Case No. 1:04-cv-221 (S.D. Ohio). In *Hodge v. Hart Realty, Inc.*, Case No. 1:01-cv-363 (S.D. Ohio June 14, 2001)(Doc. 3), the Court dismissed plaintiff's complaint for failure to assert any federal claim with an arguable basis in law, or alternatively, for failure to state a claim upon which relief may be granted. In *Hodge v. Hart Realty, Inc.*, Case No. 1:04-cv-221 (S.D. Ohio March 24, 2004)(Doc. 3), the Court dismissed plaintiff's complaint as "malicious" because he sought to raise claims identical to the ones raised in *Hodge v. Hart Realty, Inc.*, Case No.

1:01-cv-363 (S.D. Ohio June 14, 2001).

An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive of the judicial process and dismissed as "malicious" under the authority of 28 U.S.C. § 1915(e)(1)(2)(B)(i). *McWilliams v. State of Colorado*, 121 F.3d 573, 574 (10th Cir. 1997); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). *See also Peoples v. Reno*, 230 F.3d 1359 (6th Cir. 2000)(unpublished), 2000 W.L. 1477502, **1. The Court may look to its own records to determine whether a complaint repeats prior claims. *See Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Spencer v. Rhodes*, 656 F. Supp. 458, 460 (E.D.N.C.), *aff'd*, 826 F.2d 1061 (4th Cir. 1987). Because plaintiff seeks to raise claims in this action which are identical to those disposed of in his two previous cases, the instant complaint is hereby **DISMISSED** with prejudice as "malicious" within the meaning of 28 U.S.C. § 1915(e)(1)(2)(B)(i).

The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*. Plaintiff, a non-prisoner, remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date: 8/16/05

Michael H. Watson
United States District Judge

3